*Shackelford & Winter* and *L. P. Marsh*, attorneys for appellant.

*J. W. Mullahey*, attorney for appellee.

---

## SEAY *v.* WILSON, *Assignee.*

*(United States Circuit Court, Eastern Division, District of Missouri, December Term, 1881.)*

1. APPLICATION OF PAYMENT—EQUITABLE RULE. Where three parties each held a judgment which was a lien upon the real estate of the same judgment debtor, entitled to share *pro rata* in the proceeds of the sale of said real estate, and where, by agreement between them, one of the three agreed to release his lien in consideration of the sum of $450, which was paid to him by the other two: *Held*, that this was an enforcement of the judgment lien so released, to the extent of the sum paid for said release, to wit, $450, and that said judgment should be credited with that sum; and that an agreement between the three lien holders, that said sum should be credited upon a junior judgment against the same judgment debtor, was void.

2. SAME—BANKRUPTCY—RIGHT OF ASSIGNEE IN EQUITY TO INSIST UPON SUCH APPLICATION. Where a creditor of a bankrupt has a lien upon

the property of a third party as part of his security for said judgment against the bankrupt, he cannot release that lien for a consideration, without crediting such consideration on the claim against the bankrupt estate; and the fact that such a creditor had a second unsecured claim against such third party, does not alter the case.

3. JUDGMENT IN SCIRE FACIAS—EFFECT OF, UPON PARTIES TO ORIGINAL SUIT. The main purpose of proceedings in *scire facias* under the statute of Missouri, is to revive the judgment and thereby preserve the lien thereof upon real estate; and where a bankrupt was a party to the original judgment, his assignee in bankruptcy is not estopped by a judgment in *scire facias*, to insist that the judgment revived had been in part satisfied, especially in a case where he had no knowledge or notice of such partial satisfaction at the time that the judgment was revived, and could not by reasonable diligence have ascertained that fact.

McCRARY, Circuit Judge.

The controversy in this case relates chiefly to the amount which should be allowed appellant upon a judgment in his favor and against the bankrupt and one Hawkins, rendered in the Circuit Court of Phelps county, Missouri. That judgment was upon a note executed by the bankrupt as principal and Hawkins as surety, and the judgment was against both. Hawkins died insolvent, leaving assets enough to pay a portion only of his indebtedness. The judgment above mentioned in favor of the appellant, Seay, was a lien upon certain real estate of Hawkins, deceased, as were also two other judgments, one in favor of one Love, and the other in favor of one Branson.

The appellant also held another and a subsequent judgment against Hawkins, deceased. Certain real estate of the estate of Hawkins having been sold, and the proceeds being in the hands of the administrator for distribution, it was agreed between appellant, Love and Branson, all being judgment creditors of Hawkins, and entitled to share *pro rata* in such distribution, that appellant should receive $450 as his full share of said proceeds, and the remainder should be divided between Love and Branson. In pursuance of this agreement, the said sum of $450 was paid to appellant and by him credited upon his junior judgment against the Hawkins estate, and not upon the prior judgment against the bankrupt and the Hawkins estate.

The District Court held that the application of this payment of $450 to the satisfaction of the junior judgment was improper, and that the same was, in equity, a payment upon the judgment against the bankrupt, and should be credited accordingly. This

ruling is assigned as error. It is said that the payment was not made by the bankrupt, nor by the assignee, nor by any one for them, or either of them. This must be admitted, but the admission does not dispose of the question. It is equally true that the payment was not made by the administrator of Hawkins, nor out of the assets of his estate. If, under the peculiar circumstances of this case, we were to adhere to the rule that the money paid must be applied on the debt of the party making the payment, we should meet the same difficulty, whether we sought to apply it on the judgment against the bankrupt or on that against the Hawkins estate. We must, therefore, look for some other rule for our guidance. The money was paid by Branson and Love, who were not liable upon either judgment The payment was, therefore, not made by them because of any personal liability on the part of either of them. Why, then, did they pay it? Evidently for the reason that the judgment of appellant against the bankrupt was a lien upon the proceeds of the sale of the Hawkins land on a par with their own judgments, and the appellant was, therefore, entitled to share with them in those proceeds. While, therefore, the payment was not made in a strict and technical sense *upon* the judgment against the bankrupt, it was clearly made *because* of that judgment and on account of the fact that it was a lien. Of course, if appellant had held no judgment against Hawkins except the one which was junior to those of Branson and Love, they would have paid nothing. It was the existence and priority of the judgment against the bankrupt and the Hawkins estate that made the payment necessary. The appellant used that judgment to enforce payment, and having done so, undertook to apply the payment, when so made, upon another and junior judgment which could not have been used to secure or enforce the payment.

This is not a case for the application of the rule that, where a debtor pays a sum of money to his creditor, the two may agree that it shall be applied to either of several debts. The relation of debtor and creditor did not exist between appellant and Branson and Love. These three parties, Seay, Branson and Love, each held a judgment which was entitled to share in the fund raised by the sale of the Hawkins estate. The two latter paid the former $450 to release his claim under his judgment against said fund. This amounted to an enforcement of his judgment

lien against said fund to that extent. The appellant cannot, as against the other creditors of the bankrupt, be placed in a better position than he would have occupied if he had made no bargain with Branson and Love, and had insisted upon and received the share in the fund to which his judgment entitled him; and if he had done that, no one will question that it would have been his duty to credit what he received on the claim which was enforced, to wit: the judgment against the bankrupt. By a sort of indirect or circuitous arrangement with other lien holders, he has, in effect, enforced his judgment lien to the extent of $450. The assignee of the bankrupt, acting for the creditors, has a right to insist that the credit shall be entered just as if the enforcement of the lien had been direct instead of indirect. The rule, then, by which we are to be guided, may be stated as follows: where a creditor of a bankrupt has a lien upon the property of a third party as part of his security for his debt against the bankrupt, he cannot release that lien for a consideration without crediting such consideration on the claim against the bankrupt estate. If he could do so, he might thereby secure more than his due by releasing his lien against the third party for a price paid, and afterwards enforcing his entire claim against the bankrupt estate. The fact that the appellant had a second unsecured claim against the Hawkins estate does not alter the case. It was the prior lien that was indirectly enforced, and the release of the junior judgment was not thought of, and of course no such release could form a part of the consideration for the payment of the money. It follows that the application of the payment to the satisfaction of the junior judgment was void.

It is insisted that the assignee is estopped to claim credit for the payment in question because subsequently thereto the judgment was revived in a proceeding in *scire facias* in the State Circuit Court in a cause to which the assignee was a party. The fact of the payment was unknown to the assignee at the time the *scire facias* proceeding was pending, and, of course, it was not litigated. The main purpose of proceedings in *scire facias*, under the statute of Missouri, is to revive the judgment and thereby to preserve the lien thereof upon real estate. (Revised Statutes of Missouri, sections 2732 to 2738.) Whatever the effect of a judgment of revival in such a proceeding may be in ordinary cases upon the parties to the original judgment, I am clearly of the

opinion that an assignee in bankruptcy is not thereby estopped to insist that the judgment revived had been in part satisfied, especially in a case like the present, where he had no knowledge or notice of such part satisfaction at the time that the judgment was revived. Neither the judgment debtor, (the bankrupt), nor his assignee had anything to do with the payment, and it is difficult to see upon what principle it can be held that the latter was bound to ascertain the fact and set it up in that case. To require this would be to impose upon him not merely the duty of exercising due diligence, but much more.

The appellant alone, of all the parties to that suit, knew of the payment, and it was his interest to keep it secret, or, at least, to make it appear to be a payment upon the subsequent judgment. It would have been next to impossible for the assignee to discover the fact, there being nothing to put him upon inquiry. It may be considered that where, in a proceeding in a State Court to revive a judgment against a bankrupt, the question of a payment is raised and litigated between the plaintiff in such judgment and the assignee in bankruptcy, the Federal Court in bankruptcy is bound by the judgment, though this may be doubtful. No such case is presented here. The question of payment was not raised and was, of course, not decided; and for reasons already stated, I hold that it was not the duty of the assignee to raise it in that case.

I find no error in the judgment of the District Court, and the same is accordingly affirmed.

*L. F. Parker*, for appellant.

*B. B. Kingsbury*, for appellee.